■ In the Matter of Leo Levko, Appellant, v James P. Corcoran, as Superintendent of Insurance of the State of New York, et al., Respondents.—

On February 5, 1988, Empire Blue Cross Blue Shield (EBCBS) applied for a waiver of a preliminary public hearing with respect to its contemplated rate increase. On February 17, 1988, respondent granted the waiver on the ground that EBCBS's application satisfied the Department of Insurance guidelines, as set forth in Circular Letter No. 1 (1973). The

approval, however, was made subject to EBCBS making available narrative summaries to the public at least 15 days before the postfiling public hearing scheduled for March 1, 1988, and that there be a notice in local newspapers indicating how the narrative summaries could be obtained. The record demonstrates that EBCBS complied with respondent's conditions.

Upon completion of the public hearing and due consideration of the matter, respondent approved a rate increase, effective April 1, 1988.

Thereafter, petitioner, a subscriber, whose quarterly payments rose as a result of respondent's action, commenced this proceeding challenging respondent's authority to issue a waiver of a preliminary hearing.

Petitioner maintains respondent's grant of a waiver contravenes and is in conflict with the stated intent of Insurance Law § 4308 (c) (2). Since 1973, respondent has taken the position that the subject statute gives respondent Superintendent the discretion to waive the preliminary public hearing requirement which is called for in section 4308 (c) (2) of the Insurance Law.

Respondent's interpretation of the statutes it administers, if not unreasonable or irrational, must be accorded great weight by the courts. *(See, Matter of New York Pub. Interest Research Group v New York State Dept. of Ins.,* 66 NY2d 444.) A fair reading of the language contained in Insurance Law § 4308 (c) (2) clearly supports the agency's own interpretation. Insurance Law § 4308 (c) (2) states, in pertinent part: "Prior to any such filing or application by or on behalf of a corporation for an increase or decrease in premiums for such contracts, such corporation, *when directed by the superintendent,* shall conduct a public hearing with respect to the terms of such filing or application." (Emphasis added.)

Since respondent's guidelines and conditions for obtaining a waiver of the hearing were properly complied with by EBCBS, respondent did not abuse its discretion in granting such a waiver.

We have considered petitioner's other contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.